IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:22CR3060** |
| vs. | |
| THEODORE G. SINGLETON, | **ORDER** |
| Defendant. | |

Defendant has moved to continue the pretrial motion deadline and trial, (Filing No. 35), because Defendant and defense counsel need additional time to fully review the discovery received before deciding if pretrial motions should be filed. The motion to continue is unopposed. Based on the showing set forth in the motion, the court finds the motion should be granted. Accordingly,

IT IS ORDERED:

1) Defendant's motion to continue, (Filing No. 35), is granted.

2) Pretrial motions and briefs shall be filed on or before January 4, 2023.

3) The trial of this case is continued pending further order of the court.

4) A telephonic conference with counsel will be held before the undersigned magistrate judge at 9:00 a.m. on January 11, 2023 to discuss setting a change of plea hearing or, in the alternative, the date of the jury trial and the deadlines for expert disclosures, or further disclosures under Rules 16(a)(1)(G) and/or 16(b)(1)(C) of the Federal Rules of Criminal Procedure. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call. Unless the court states otherwise, Defendants are excused from and need not attend these hearings. If a defendant

chooses to attend, defense counsel must notify the court of that intent at least 2 business days before the hearing.

This telephonic conference may be continued or cancelled if:

(a)  a pretrial motion is then pending;

(b)  the pretrial motion deadline was continued; or

(c)  upon advance notice that the defendant, or a defendant in a multi-defendant case, is engaged in plea discussions (including the anticipated time needed to complete those discussions), intends to enter a plea of guilty;[1] or has a plea hearing set.

5)  The ends of justice served by granting the motion to continue outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between today's date and January 11, 2023 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 17th day of November, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] If notified that a defendant intends to enter a plea of guilty, the court will contact counsel and schedule the plea hearing.