IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THEODORE G. SINGLETON,<br><br>　　　　　Defendant. | **4:22CR3060**<br><br>**ORDER** |

　　　　Defendant moved to suppress "all evidence and statements obtained as a result of a traffic stop and subsequent search of Singleton's BMW sport utility vehicle (SUV) on December 1, 2021." (Filing No. 40). The vehicle was stopped by Nebraska State Patrol Trooper Brandon Sutton. A suppression hearing was set to be held on March 21, 2023. (Filing No. 44). Prior to the hearing, Defendant moved for a continuance, (Filing No. 47), arguing he needs to know the information provided by a confidential informant who communicated with an officer as he was investigating the facts arising from Defendant's traffic stop. Defendant also asserted that he intended to call a North Platte attorney as a witness in support of Defendant's motion to suppress, and the attorney witness was not available on the date and time set for the hearing. The suppression hearing was continued. (Filing No. 49).

　　　　Defendant moved for an order requiring the government to disclose any reports or information about the defendant arising from interviews conducted with the confidential informant who was providing information to law enforcement. Defendant states Trooper Michael Rice's body camera captured part of a telephone conversation from Bryan Bartek to Nebraska State Patrol Investigator Chad Phaby, and during that call, a confidential informant expressed her willingness to cooperate with law enforcement. (Filing No. 48). Defendant claims

the information provided by the informant is relevant to assessing the credibility of the officers involved in the traffic stop, and whether the traffic stop was pretextual.[1]

The government opposes Defendant's motion to produce, asserting that since "any information provided by the witness referenced in the body camera footage is irrelevant and unrelated to this case or Singleton, there is no information for the United States to produce." (Filing No. 53, at CM/ECF p. 1). The government states the "CI did not provide any information concerning Singleton or this case," (Filing No. 53, at CM/ECF p. 3), explaining:

> SA Bartek and Inv. Phaby were apparently discussing someone who had just been arrested, arranging for that person's arraignment, and the fact the person is concerned about providing information related to Ogallala, Nebraska. Nothing about those facts suggests any relation to Singleton, who had an Illinois license, rented a vehicle in Las Vegas, Nevada, and apparently had no ties to Nebraska. . . . Any information provided by the CI is further irrelevant to deciding the motion to suppress because there is no evidence that the trooper involved in the stop and search of Singleton's vehicle, Trooper Sutton, had any knowledge or awareness of a tip concerning Singleton when he made the stop. The United States would also not call that CI as a witness in any trial in this case, and that CI was neither a participant nor witness to the offenses Singleton has been charged with.

(Filing No. 53, at CM/ECF p. 3-4). The government does not intend to call the CI as a witness in Singleton's case, and the CI has no evidence that could assist in Singleton's defense. Id. at 4.

---

[1] Defendant did not file a brief in support of the motion as required under NECrimR 12.3(b). Defense counsel is cautioned that any future noncompliance with the court's local rules may result in denial of motions on procedural grounds alone.

The defendant bears the burden of showing that his need for information about a confidential informant outweighs the government's privilege to withhold that information. United States v. Lapsley, 263 F.3d 839, 841 (8th Cir. 2001). The defendant can satisfy this burden by showing that disclosure is relevant and helpful to his defense, material, or essential to a fair trial. "Where the disclosure of an informer's identity, or of the contents of his [or her] communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. (quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957)).

To override the government's privilege of nondisclosure, "defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Oliver, 950 F.3d 556, 562 (8th Cir. 2020) (quoting United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991)). Courts must consider factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors in determining whether, on balance, the defendant's need for disclosure outweighs the public's interest in maintaining the confidentiality of informants. Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001) (citing Roviaro, 353 U.S. at 60-61). When deciding whether disclosure is required, the threshold issue is whether the informant is a material witness. Oliver, 950 F.3d at 562. "Disclosure of the confidential informant is not mandated unless it is vital to a fair trial." Carpenter, 257 F.3d at 779 (internal citations and quotations omitted).

Here, Defendant has made no showing that information provided by the CI who spoke to Bartek, or that CI's identity, is relevant to any issues raised on Defendant's motion to suppress, or that the CI's information would otherwise be helpful to Singleton's defense or essential to a fair determination of the charges

3

pending against him. Lapsley, 263 F.3d at 841. Defendant's motion for production, (Filing No. 48), will be denied.

Accordingly,

IT IS ORDERED:

1) Defendant's motion to produce, (Filing No. 48), is denied.

2) An evidentiary hearing on defendant's motion to suppress, (Filing No. 40) will be held before the undersigned magistrate judge on July 20, 2023, at 8:30 a.m. in Courtroom #2, 100 Centennial Mall North, United States Courthouse, Lincoln, Nebraska. Four hours have been set aside for this hearing.

3) Defendant, defense counsel, and counsel for the government shall be present at this hearing.

4) Pursuant to NECrimR 12.5, copies of all exhibits expected to be offered into evidence during the hearing, except those to be used for impeachment only, shall be delivered to the chambers of the undersigned at least twenty-four (24) hours before the hearing and, at the outset of the hearing, to the extent reasonably possible, the parties shall provide the undersigned and the courtroom deputy with a written list of all witnesses the parties expect to call.

Dated this 15th day of May, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge