IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THEODORE G. SINGLETON,<br><br>    Defendant. | 4:22-CR-3060<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 106.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no motions that require resolution at sentencing. The defendant has objected to the presentence report in three respects.

First, the defendant objects to listing his former address in Las Vegas as his legal address, "insofar as it seems to be the basis of paragraph 133.zz's recommendation that he report to the Supervision Unit of the U.S. Probation Office for the District of Nevada upon release." Filing 106 at 1. Instead, he plans to move to Illinois upon release.

But it appears undisputed that the defendant was living in Las Vegas at the time of his arrest. The Court can discern no basis to list the defendant's legal address as a place he *intends* to live, even if he hasn't been living there. Accordingly, the defendant's objection to the identifying data in the presentence report is overruled. And, the Court notes, the revised presentence report now recommends, as a special

condition of supervised release, that the defendant report to the Supervision Unit of the U.S. Probation Office for the Northern District of Illinois upon his release—which would, it appears to the Court, address his substantive concern.

Second, the defendant objects to the police report quoted in support of one his prior convictions, noting that the language ambiguously refers to gang membership by an "arrestee" when two people were arrested. Filing 106 at 1. The Court notes that the ambiguity might be resolved by the additional statement that the "arrestee" was "a convicted felon under case #2003cr04812," which just happens to be the case number for the defendant's conviction at paragraph 59. But leaving that aside, the Court is not at liberty to edit the police report from 2019—rather, it's appropriately included in the presentence report for what (little) weight it provides.

Finally, the defendant objects to the inclusion, in the criminal history section of the presentence report, of a case involving several charges of which he was acquitted at a bench trial. Filing 106 at 1-2; *see* filing 107 at 3-5. Generally, the defendant objects to the use of acquitted conduct at sentencing. Filing 107 at 3-5.

The Court recognizes that it *can* rely on acquitted conduct at sentencing, *see United States v. Watts*, 519 U.S. 148, 157 (1997)—but it's never been this Court's practice to do so, and it doesn't intend to do so in this case. That said, the objective of the presentence report is to provide the Court with "the fullest information possible concerning the defendant's life and characteristics." *See Williams v. People of State of N.Y.*, 337 U.S. 241, 247 (1949). That includes, as required by Fed. R. Crim. P. 32(d)(2)(A)(i),

- 3 -

"any prior criminal record." The Eighth Circuit has pointedly said that the Court "may look at an arrest record for background information," so long as it "does not equate arrests as evidence of prior wrongdoing." *United States v. Bailey*, 547 F.2d 68, 71 (8th Cir. 1976).[1]

It is, in other words, entirely proper to for the presentence report to include acquitted or dismissed charges in reciting the defendant's criminal history—so long as the Court is careful to afford them the proper weight. With that understanding, the Court will overrule the defendant's objection.[2]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

---

[1] The Court might, in fact, be able to go farther than that, given the Eighth Circuit's more recent questioning of *Bailey* and pronouncement of "ambiguity in the law concerning whether a district court may consider a series of arrests as a factor in determining a sentence." *United States v. M.R.M.*, 513 F.3d 866, 871 (8th Cir. 2008). But again, it's never been this Court's practice to do so.

[2] The Court has noted the defendant's suggestion that including such information in the presentence report may affect his classification with the Bureau of Prisons. Filing 107 at 3. But the Court is not in a position to edit the defendant's life in order to micromanage what the Bureau of Prisons thinks of him. The Bureau of Prisons undoubtedly has access to other sources of information in any event. (And, the Court notes, given the defendant's *other* criminal history, there's no reason to believe that the case in which he was acquitted would somehow make a meaningful difference.)

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge